IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                    No.    CIV 02-0700 JC/LCS
                                            No.    CR 01-0776 JC

PERCILLA MALDONADO,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Maldonado, currently incarcerated and proceeding *pro se*, attacks the Judgment and Sentence entered on January 30, 1998, in the case styled *United States of America v. Percilla Maldonado*, and numbered CR 01-0776 JC, United States District Court for the District of New Mexico. The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and recommends that it be **DENIED**.

### PROPOSED FINDINGS

1.    On May 23, 2001, Maldonado was charged with unlawfully, knowingly and intentionally possessing with intent to distribute 104.4 pounds of marijuana in violation of 21

U.S.C. §§ 841 (a)(1); and 952 (a). Cr. Doc 1 (hereinafter Cr.). On June 20, 2001, she was indicted on Count I of conspiracy, in violation of 21 U.S.C. § 963 and on Count II of importation of less than 50 kilograms of marijuana and aiding and abetting in violations of 21 U.S.C. §§ 952 (a); 960 (a)(1); 960 (b)(4) and 18 U.S.C. § 2. Cr. 8. On August 2, 2001, the defendant pleaded guilty to Count I of the indictment in exchange for the Government moving to dismiss Count II. Cr. 14. The maximum penalty for this offense is imprisonment for 40 years, a fine no greater than $2,000,000, mandatory supervised release of four years, and a mandatory special penalty assessment of $100.00. *Id*. The pre-sentence report set her base offense level at 25. Cr. 17.

      2.      On March 27, 2002, the Honorable Bobby R. Baldock, United States Circuit Judge, sentenced Maldonado to 60 months of prison and four years of supervised release with the special conditions being that she possess no firearms, explosives, or weapons and that she participate in drug testing. Cr. 19. She was also assessed a special penalty assessment of $100. *Id*. On April 2, 2002, Count II of the indictment was dismissed without prejudice. Cr. 20. Maldonado did not file a direct appeal. On June 17, 2002, Maldonado filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 1.

      3.      The United States filed a motion to dismiss Maldonado's motion on August 22, 2002. Cr. 25. She filed a reply on December 6, 2002 and acknowledged that both the performance and prejudice prongs of the *Strickland* test had not been met. Cr. 28. She also argued that mitigating circumstances such as her gambling problem, first offender status, compliance with bond requirements, and self-surrender were a basis for a downward departure from her sentence. *Id*.

      3.      In her § 2255 Motion, Maldonado raises the following issues: (1) whether her

"plea agreement binds movant to rights for collateral attack where mandatory minimum provides same sentence;" (2) whether her pre-sentence report incorrectly assumed she was the organizer, leader and supervisor without evidentiary hearing; and (3) whether mitigating circumstances such as her children, her age, that she had a gambling problem, that this was her first felony, her satisfaction of bond requirements, and that she turned herself in are valid reasons for the Court to consider her for downward departure.  Doc. 1.  Maldonado failed to raise any of these claims on direct appeal.

5. Ordinarily, a § 2255 motion is not available to test the legality of matters that should have been addressed on direct appeal.  *See Bousely v. United States,* 523 U.S. 614, 621 (1998); *United States v. Frady*, 456 U.S. 152 (1982); *see also United States v. Allen*, 16 F. 3d 377, 378 (10th Cir. 1994).  A defendant is procedurally barred from presenting any claim in a § 2255  motion that she failed to present on direct appeal unless she can demonstrate cause for the procedural default and prejudice suffered thereby, or that the failure to hear the claim would result in a fundamental miscarriage of justice.  *United States v. Wright*, 43 F. 3d 491, 496 (10th Cir. 1994).  A defendant may establish cause for her procedural default by showing that she received ineffective assistance of counsel.  *United States v. Cook*, 45 F. 3d 388, 392 (10th Cir. 1995). A "fundamental miscarriage of justice means . . . only that the petitioner is actually innocent of the offense."  *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S.Ct. 2639, 2649 (1986).  *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir.  1993).

6. Maldonado does not show cause for procedural default.  "A movant can show cause for the procedural default if [she] can demonstrate that [her] claim was so novel that its legal basis was not reasonably available to counsel."  *United States v. Wiseman*, 297 F.3d 975, 979

(10th Cir. 2002); *Reed v. Ross*, 468 U.S. 1, 16 (1984). Cause may also be established by showing that counsel rendered constitutionally ineffective assistance. *Wiseman*, 297 F.3d at 979; *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991); *United States v. Kissick*, 69 F.3d 1048, 1054-55 (10th Cir. 1995). In order to show that counsel rendered constitutionally ineffective assistance, a petitioner must show that "counsel's performance was deficient," and, second, "that the deficient performance resulted in prejudice." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

7.      In the case at bar, Defendant failed to raise any of the exceptions to procedural default, but points out that counsel was deficient in investigating her first two claims for relief. Defendant, however, concedes that both the performance and prejudice prongs of the *Strickland* test are not met and does not provide any evidence to demonstrate that either prong was met. Defendant does not claim that the proceedings were unfair and does not demonstrate that her claim was novel. She also offers no evidence that contradicts her plea of guilty in open court. Therefore, Defendant failed to show cause for her procedural default. *Wiseman*, 297 F.3d at 979; *Reed*, 468 U.S. at 16.

8.      Moreover, Defendant does not show that she was actually innocent of the offense. To establish actual innocence, a movant must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted her. *Bousley v. U.S.* 523 U.S. 614, (1998); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Demarest v. Price*, 130 F.3d 922, 942 (10th Cir.1997). Petitioner entered a plea of guilty and prayed that this Court grant her relief due to mitigating circumstances, which included the fact that this was her first felony. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce*, 488 U.S.

563, 570 (1989). Defendant also does not present any new evidence to the court indicating that she was actually innocent of the offense. Therefore, Defendant has failed to demonstrate her actual innocence. *Murray*, 477 U.S. at 495-96; *Richards*, 5 F.3d at 1371 (10th Cir. 1993)

9.    Defendant's motion also requests relief based on the Court's denial of her motion for downward departure due to mitigating circumstances. In most cases, the court's decision not to depart downward will not be reviewed. *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994); *United States v. Garcia*, 919 F.2d 1478, 1481 (10th Cir.1990). Because this issue was not raised on direct appeal, and Maldonado has failed to demonstrate cause, prejudice or actual innocence, habeas review of the sentencing decision is procedurally barred. *Wright*, 43 F.3d at 496.

**RECOMMENDED DISPOSITION**

I recommend that Defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **DENIED** and this case **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333

Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

　
_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**